Aena M. Daniel v. Commissioner.
Daniel v. Commissioner
Docket No. 85383.
United States Tax Court
T.C. Memo 1964-312; 1964 Tax Ct. Memo LEXIS 26; 23 T.C.M. (CCH) 1912; T.C.M. (RIA) 64312; December 1, 1964
*26 Extent of petitioner's interest in a trust fund determined Harold A. Chamberlain, for the petitioner. Thomas S. Loop, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Deficiencies in income taxes have been determined by respondent for the taxable years 1955, 1956, and 1957 in the amounts of $1,161.09, $1,135.90, and $1,328.45, respectively. Petitioner, by amendment to her petition, claims an overpayment of income taxes in the taxable years 1955, 1956, and 1957 in the respective amounts of $1,993.29, $2,018.82, and $1,912.73. There issues are raised: 1. Did the petitioner in the taxable years involved have a 12.5 percent interest or an 8.75 percent interest in the R. T. Daniel, Sr., trust? 2. Is petitioner entitled to a deduction for depreciation for 12.5 percent or 8.75 percent of the total depreciatiion allowable to the trust? 3. May petitioner deduct certain alleged attorneys' fees during the taxable years involved? The evidence submitted consisted of a written stipulation of facts and a number of exhibits from which we find the following: Findings of Fact As an incident to the divorce of August 29, 1941, between *27 the petitioner and R. T. Daniel, Jr. a property settlement agreement dated also in August 1941 was made which stated that R. T. Daniel, Jr., had an expectance from his father, R. T. Daniel, Sr., and that to the extent and sum of one-half of any amount that R. T. Daniel, Jr., should inherit, he would convey the same to the parties' two children and, if petitioner were unmarried at the time of the inheritance, then such property would be delivered to petitioner for the use and benefit of the two children. On August 19, 1942, R. T. Daniel, Sr., executed a will, which will set up a trust giving to his son, R. T. Daniel, Jr., a portion of his estate substantially less than the portion given to his two sons, Samuel F. P. Daniel, and William H. Daniel, and to his daughter, Elizabeth Daniel. The consequential action of R. T. Daniel, Jr., was to enter into an agreement on August 17, 1944, to employ attorney G. C. Spillers and the two partners, D. H. Redfearn and R. H. Ferrell, of the law firm of Redfearn & Ferrell to represent him in obtaining his alleged just share in his father's estate after his father's death). The attorneys were employed on a contingency and the consideration was *28 a 30 percent interest in whatever R. T. Daniel, Jr., might recover as a result of the administration and distribution of his father's estate. On April 17, 1946, R. T. Daniel, Sr., executed Codicil No. 2 to his will, wherein he gave to each of four children, among whom was R. T. Daniel, Jr., an equal portion of the net income derived from certain real estate for a period of 20 years. In conformity with the agreement of August 17, 1944, R. T. Daniel, Jr., assigned all of his right, title, and interest to an undivided 30 percent of any and all moneys which might become due and payable to him under the terms of the will and codicil to Spillers and to Redfearn & Ferrell. In making the assignment, R. T. Daniel, Jr., expressly directed the trustees to pay one-half of the 30 percent to G. C. Spillers and one-half to Redfearn & Ferrell. In 1953 the trustees under the will of R. T. Daniel, Sr., filed a petition in the District Court in Tulsa County, Oklahoma, asking, inter alia, for proper definition of the terms net income, net revenue, and net rentals embodied in the trust set up by the will. Petitioner in the instant case was a party defendant, individually and as trustee for the *29 children. In the judgment the court found that the attorneys Spillers, Redfearn, and Ferrell owned specific interests in the rents, issues, and profits of the estate of R. T. Daniel, Sr. Petitioner and R. T. Daniel, Jr., entered into an agreement on February 7, 1953, for the purpose of clarifying the property settlement agreement of August 1941. This agreement, in its pertinent part, provided as follows: * * * the actual agreement between said parties as of August, 1941, was to the effect that first party was to receive an equal one-half (1/2) part of the net proceeds received by second party from the estate of his father, R. T. Daniel, Sr., in full settlement of all claims for property settlement, alimony and division of property, and in consideration thereof was to support the minor children of said parties from said proceeds during their minority, but after the majority of the younger was to continue to receive the same for her own use and benefit * * *. The parties agreed that the agreement of August 1941 was to be construed to reflect this latter agreement as that actually made by them in August 1941. Upon joint application by the parties to the District Court of Tulsa *30 County, Oklahoma, which granted the divorce, the divorce case was reopened to permit the parties to present this clarification of the agreement of August 1941. The court specifically modified the journal entry of judgment and decree of divorce by its journal entry of judgment modifying the former decree of divorce to incorporate the agreement. The court found it fair and equitable and ordered, adjudged, and decreed that the contract be approved and confirmed and the petitioner and R. T. Daniel, Jr., ordered and directed to carry out its provisions. The court expressly included the provision that R. T. Daniel, Jr., would assign, pay and deliver to petitioner the equal one-half of the net proceeds of the expected inheritance. Petitioner filed her individual income tax returns for the years 1955, 1956, and 1957 with the district director of internal revenue in Austin, Texas. Petitioner's income tax returns reported distributable income from the R. T. Daniel trust in the amounts of $31,680.09, $31,395.57, and $31,883.91 for 1955, 1956, and 1957, respectively, and claimed deductions for depreciation in the amounts of $7,076.76, $7,149.44, and $7,613.88 for these respective years. *31 The returns also claimed deductions for the attorneys' fees in the amount of $9,504.03 for 1955, $9,418.67 for 1956, and $9,565.17 for 1957. The gross income, depreciation allowable and the distributable net income of the R. T. Daniel, Sr., trust for these years was as follows: 1955
1956
1957
Gross income
$263,619.96
$260,062.00
$267,900.20
Depreciation allowable
56,723.66
57,414.76
61,130.28
Distributable net income
$206,896.30
$202,647.24
$206,769.92
The respondent's determination in the statutory notice of deficiency is explained as follows: In arriving at your distributable share of the income from the R. T. Daniel Trust and the portion of the trust depreciation to which you are entitled, it has been determined that prior to the year 1955 a beneficial interest in the trust was assigned to G. C. Spillers, D. H. Redfearn, and Ralph H. Ferrell, leaving you only an 8.75 per cent interest for the years 1955, 1956 and 1957. Opinion By Codicil No. 2 of the will of R. T. Daniel, Sr., the latter's four children, including R. T. Daniel, Jr., were each given a 25 percent interest in the net income derived from a trust in certain real estate *32 for a period of 20 years. R. T. Daniel, Jr., had assigned to the attorneys employed by him in connection with this matter 30 percent of all moneys to become due and payable to him under his father's will and codicil. The assignment was in payment for legal services rendered and R. T. Daniel, Jr., expressly requested and directed the trustees to pay the attorneys the amounts agreed upon. The court held that by the agreement between R. T. Daniel, Jr., and his attorneys the latter acquired a 7 1/2 percent participating interest in the income of the trust of R. T. Daniel, Sr. This served to reduce the interest remaining to R. T. Daniel, Jr., and his divorced wife Aena to an amount of 17.5 percent or 8.75 percent interest in each. At the time of the divorce between petitioner and her former husband, the reference to property rights was left vague and uncertain and did not reflect the agreement of the parties. By reason thereof, a stipulation and agreement were entered into under date of February 7, 1953, between petitioner and R. T. Daniel, Jr., to correct this matter. The parties, by this new agreement, state that the original agreement of August 1941 intended that petitioner was to *33 receive one-half part of the net proceeds received by R. T. Daniel, Jr., and in consideration thereof petitioner was to support the minor children during their minority, but after the majority of the younger was to continue to receive the same for her own use and benefit. Shortly after the agreement of February 7, 1953, was entered into and on February 14, 1953, the District Court for Tulsa County, State of Oklahoma, made a journal entry of judgment modifying the former decree of divorce to give effect to the new agreement of the parties. The court stated that the agreement of August 1941 between petitioner and her husband in regard to her husband's expectance from his father was vague and uncertain and did not reflect the actual agreement of the parties. The court found in its order that after receiving said expectance R. T. Daniel, Jr., has at all times since said date paid to petitioner one-half of the net amount received by him in conformity with said agreement. On these facts the respondent has concluded that the interest of R. T. Daniel, Jr., in the income of the trust set up by his father was a 17 1/2 percent interest, one-half of which was by the agreement to belong to *34 petitioner. As a consequence, it was held by the respondent that petitioner's interest in the trust was an 8.75 percent interest rather than a 12.5 percent interest and consequently the deduction for depreciation would be limited to 8.75 percent of the total depreciation and not a greater amount. We are in entire agreement with the respondent's holding. The petitioner urges in the alternative that if her interest is limited to 8.75 percent, she would nevertheless be entitled to deduct her share of the attorneys' fees. We think, however, that the respondent's method of handling this matter in effect would foreclose the argument she makes. It was held by the local court that the 7 1/2 percent interest of the attorneys gave them a corresponding interest in the income of the trust and this would serve to lessen the income to be received by the petitioner and her former husband. This treatment would be equivalent to petitioner's receiving a larger part of the trust income and taking a deduction for that part of the trust fund she then paid over to the attorneys. We think there is no merit in petitioner's argument on this point and we hold that respondent's treatment did, in effect, serve *35 to deny the deduction for attorneys' fees which petitioner had claimed in her returns and which she here urges should be allowed. Decision will be entered under Rule 50.